IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BOBBY RAY FLOURNOY, #1264624 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv555 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed as time-barred. The Petitioner has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

The Petitioner argued in his objections that he is entitled to equitable tolling due to the trial court's erroneous advice that he had waived his right to appeal when he pled guilty. The Fifth Circuit has held that the one year limitations period is a statute of limitations, not a bar to federal jurisdiction, thus the limitations period can be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The basic principles of equitable tolling were discussed in *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000):

> we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine. We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some

extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.

The Fifth Circuit went on to find that there was no error in the district court's decision not to apply the doctrine of equitable tolling regarding delays associated with the Texas Court of Criminal Appeals' notification system through mailed postcards. *Id.* at 514. Other decisions by the Fifth Circuit held that inadequacies in a prison law library likewise do not provide a basis for equitable tolling. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). A prisoner is not entitled to equitable tolling for the seven week gap between the date he submitted a state petition for post-conviction relief to prison officials for mailing and the date the petition was stamped filed. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). A claim of actual innocence, standing alone, is not the type of "rare and exceptional" circumstance which would justify equitable tolling "given that many prisoners maintain that they are innocent." *Felder v. Johnson*, 204 F.3d at 171. Finally, a claim that a state court misapplied the law does warrant equitable tolling. *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000). In the present case, the state trial judge's alleged misinformation does not warrant equitable tolling. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 16th day of February, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE